IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2014 APR 29 P 12: 29
DEBRA P. HACKETT, CLK,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

JESSIE D. SHUFORD

      Plaintiff,

vs.

CITIMORTGAGE, INC.

      Defendant.

Case No. 2:14-cv-313-WKW

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## JURY TRIAL DEMANDED

1. Plaintiff, Jessie D. Shuford, asserts this action against Defendant, Citimortgage, Inc., pursuant to the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 *et seq*. At various times, and on numerous instances within the four year period prior to the filing of this complaint, Defendant sent, or orchestrated the making of unsolicited calls to Plaintiff's cellular telephone, in violation of the TCPA, thereby invading Plaintiff's privacy.

## PARTIES

2. Plaintiff, Jessie D. Shuford ("Plaintiff"), is an adult resident citizen of Montgomery County, Alabama.

3. Defendant, Citimortgage, Inc. ("Defendant"), is a domestic corporation that regularly conducts business in this judicial district in Montgomery County, Alabama. Its principal office is located at 1000 Technology Dr MS 140, O'Fallon, MO 63304, and

1

its registered agent for service of process is the CT Corporation System, located at 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

## JURISDICTION AND VENUE

4.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under a federal statute. 47 U.S.C.A. § 227(b); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

5.  Venue is proper in this judicial district because Defendant does substantial business in and has substantial contacts with this judicial district and places phone calls into this judicial district. Further, a substantial part of the events or omissions giving rise to Plaintiff's claim in this action occurred in this judicial district.

6.  This Court has personal jurisdiction over the Defendant because Defendant transacts and/or regularly does business in this judicial district and in Montgomery County, Alabama. Defendant regularly engages in interstate commerce, reaching into the State of Alabama using the mail and telephone in a business that services mortgage debts and engages in debt collection practices. Defendant regularly services mortgage debts and attempts to collect consumer mortgage debts in this judicial district using its telephonic capabilities and the mail.

## FACTUAL ALLEGATIONS

7.  This action stems from the telephonic collection efforts of Defendant over the last several years. Defendant has placed over one hundred (100) calls to Plaintiff's cellular telephone number, XXX-XXX-1535 (the "1535 number") in an effort to collect on a mortgage debt.

8. Plaintiff owns a home located at 4786 County Road 26, Hope Hull, Alabama, which is his primary residence. Plaintiff granted a mortgage on his property.

9. Defendant is the loan servicer that services the mortgage on Plaintiff's primary residence. In its capacity as the loan servicer, Defendant has attempted to collect debts on behalf of the owner of the Plaintiff's mortgage.

10. Beginning in or around the year 2010, and spanning through the years of 2011 and 2012, Defendant regularly made calls to Plaintiff's cellular telephone ending in "1535" in an attempt to collect an outstanding mortgage debt on Plaintiff's primary residence.

11. Defendant placed multiple calls a week, often upwards of two to three times per week in 2010, 2011 and 2012, to Plaintiff's cellular telephone seeking to collect on the alleged mortgage debt.

12. Defendant made the aforementioned calls to Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

13. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. Defendant's ATDS utilized a computer generated voice and prompt system that would automatically generate voice commands when Plaintiff answered the Defendant's collection calls.

15. Upon answering Defendant's calls, Plaintiff would hear several seconds of "dead air" as Defendant's dialer system connected the call to Defendant's agent.

3

16. The 1535 number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff is the registered subscriber, with exclusive dominion and control, of the 1535 number.

17. These telephone calls were not made for emergency purposes. 47 U.S.C. § 227(b)(1)(A).

18. Plaintiff did not provide Defendant or its agent prior express consent to make the calls to his cellular telephone. 47 U.S.C. § 227(b)(1)(A).

19. Even if Defendant asserts that Plaintiff provided prior express consent to be called, Plaintiff orally revoked any previous consent to receive calls made with an auto-dialer and/or to receive pre-recorded messages on his cellular telephone.

20. Plaintiff maintains that in spite of his numerous requests that Defendant cease calling him, Defendant persisted in calling approximately 100 times during the relevant time frame in an effort to collect on the mortgage debt.

21. By making these calls described above, Defendant and/or its agent negligently and/or willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

23. Based upon the conduct alleged above, Defendant and/or its agent violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA.

24. Plaintiff is entitled to seek recovery pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
## WILLFUL AND KNOWING VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

26. Based upon the conduct alleged above, Defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

27. Plaintiff is entitled to seek recovery pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

28. $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

29. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

30. $1,500 in statutory damages for each and every willful and knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

31. Any other relief to which the Plaintiff is entitled to recover; and

32. All other relief which the Court or jury deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in the above captioned matter.

Dated this 28th day of April, 2014.

/s/ J. Matthew Stephens
J. Matthew Stephens (ASB-3788-E66S)
Rodney E. Miller (ASB-0130-R73M)
Brandon S. Hays (ASB-3338-A51H)
Attorneys for Plaintiff

**OF COUNSEL:**

**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:   (205) 939-0199
Facsimile:   (205) 939-0399
E-mail:   mstephens@mmlaw.net
           rem@mmlaw.net
           bhays@mmlaw.net

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT:**

CITIMORTGAGE, INC.
C/O CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama, 36104